1

1           THE COURT:  Mr. Matthew Wright, in consideration of
2      the offense of which you stand convicted, the information
3      from the United States Attorney, your attorney, the
4      probation officer and yourself, this Court sentences you to
5      30 months in the custody of the United States Attorney
6      General.  The Court imposes upon you no fine due to your
7      inability to pay a fine.  The Court imposes upon you a $100
8      special assessment, and places you on supervised release for
9      a period of two years after your release from prison.
10          In addition to all the general conditions of
11     supervised release, you're prohibited from possessing a
12     firearm or other dangerous weapon.  You're to participate in
13     a program for substance abuse as directed by the United
14     States Probation Office which program may include testing,
15     not to exceed 104 drug tests per year, to determine whether
16     you are using alcohol or drugs which is forbidden to you.
17     You may be required to pay, to the extent of your ability to
18     pay, the costs for such treatment.
19          Let me explain the sentence.  Simply put, ignorance
20     of the law is no excuse.  The law passed by congress is that
21     once a person is convicted of a felony never again, ever,
22     for their entire life, will they be in possession of
23     firearms or ammunition.  Firearms and ammunition are such a
24     serious problem for the people of the United States when in
25     the wrong hands that congress has passed that law.

2

1        Now, your attorney argues eloquently.  She says
2   these are small charges.  Small convictions.  No conviction
3   is a small conviction, but I would be foolish to say these
4   are among the most serious convictions that I've seen before
5   me.
6        What you must understand, Mr. Wright, is that the
7   way the sentencing laws of the United States and most states
8   work now, once you start adding up convictions for anything
9   the sentences go vastly more harsh.  That is the judgment of
10  our elected representatives.  It is a just and fair way to
11  deal with offenders.  I have given you a midrange sentence
12  and that does reflect her argument on your behalf.
13       As straight as I know how let me say this to you.
14  You can get this behind you and never be in court again.
15  The drug involvement, the somewhat cavalier attitude toward
16  the laws have landed you where you are.  I accept what she
17  says that you weren't a dealer in firearms.  You weren't
18  yourself involved in violence.  But now here's a two
19  and-a-half year sentence right out of the fact that you
20  simply possessed these particular firearms.  And I didn't
21  attribute to you the antique long arms or your father's
22  arms.  I didn't attribute those to you.  This is for the two
23  handguns, two and-a-half years.  Don't come back into court
24  because the sentence that any other judge would impose would
25  be even more harsh.

3

```
 1            You have the right to appeal from any findings or
 2     rulings that this Court makes against you.  If you should
 3     appeal and this Court is reversed in whole or in part you
 4     are advised that any resentencing will be before another
 5     judge.
 6            Now, self-reporting.
 7            MS. DONOGHUE:  Your Honor, I was going to request
 8     that the Court allow him to self-report.
 9            THE COURT:  You have no objection, Mr. Connolly?
10            MR. CONNOLLY:  No, provided the defendant
11     understands it's not his opportunity to go out and have one
12     last party.  And I say that because of his prior violation,
13     his OUI arrest.
14            MS. DONOGHUE:  Your Honor, I have discussed that
15     with him and he's been in contact with Jonathan Miller
16     who -- and I, we have an understanding that he will -- he
17     understands that this is not an opportunity to step out of
18     line and it would be under the same terms and conditions
19     that --
20            THE COURT:  Well, he will be under the same terms
21     and conditions.
22            Is Pretrial Services satisfied with that?
23            MS. OXFORD:  Just that the defendant hasn't been
24     reporting in and he hasn't reported for drug testing and he
25     has not attended any treatment sessions since prior to his
```

4

```
1    OUI arrest.  So if we could just make it clear that the
2    conditions need to now be complied with because he is in
3    violation at this point.
4           MS. DONOGHUE:  Your Honor, and I spoke to my client
5    because I did read the letter today saying that he didn't
6    report on October 26th.  He thought he's been up to date on
7    reporting but, and has been all these months.  So, if there
8    was a missed one it's a miscommunication.  But he will -- he
9    has been reporting on a regular basis to pretrial and will
10   continue to do so, and certainly will be in contact with Mr.
11   Miller for treatment.
12          THE COURT:  He'll report to the place of
13   confinement on the 8th of December, 2005.  All the previous
14   conditions --
15          THE CLERK:  2004.
16          THE COURT::  2004.  Thank you.  All the previous
17   conditions of pretrial release are in full force and effect.
18   Any violation of those conditions -- and, Ms. Donoghue, you
19   explain this to him.  One of the problems here, and I meant
20   the word I said, sort of a cavalier approach to offenses.
21   I'm not accepting miscommunication.  I'm not accepting
22   excuses.  If he violates any of the conditions of his now
23   pre-reporting release, I'll deal with it summarily.
24          MS. DONOGHUE:  Thank you, your Honor.
25          THE COURT:  We'll recess.
```

```
                                                                    5

    1              THE CLERK:   All rise.   Court is in recess.
    2              (Whereupon the matter concluded.)
    3
    4
    5
    6
    7
    8
    9
   10
   11
   12
   13
   14
   15
   16
   17
   18
   19
   20
   21
   22
   23
   24
   25
```

Case 1:03-cr-10394-WGY    Document 19-2    Filed 11/04/2004    Page 5 of 6